Jack Silver, Esq. SBN #160575
Law Office of Jack Silver
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel.  (707) 528-8175
Fax.  (707) 528-8675
lhm28843@sbcglobal.net

Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL M. GHOLAMI dba A & M MINI MART; SOMA ENVIRONMENTAL ENGINEERING, INC., and DOES 1-10, Inclusive,<br><br>Defendants | CASE NO.: C07-05913 MHP<br><br>FIRST AMENDED COMPLAINT FOR INJUNCTIVE, RELIEF, CIVIL PENALTIES, RESTITUTION AND REMEDIATION<br>(Environmental - Resource Conservation and Recovery Act, 42 U.S.C. 6901, et seq.) |

NOW COMES Plaintiff, NORTHERN CALIFORNIA RIVER WATCH (hereafter, "RIVER WATCH") by and through its attorneys, and for its First Amended Complaint against defendants, MICHAEL M. GHOLAMI dba A & M MINI MART, SOMA ENVIRONMENTAL ENGINEERING, INC. and DOES 1-10, Inclusive, (collectively hereafter, "DEFENDANTS") states as follows:

## I. INTRODUCTION

1.  This is a civil suit brought against DEFENDANTS under the citizen suit enforcement provisions of the Resource Conservation and Recovery Act, (hereafter, "RCRA") 42 U.S.C. § 6901 et seq., and California law governing the Underground Storage of Hazardous Substances: California Heath & Safety Code § 25280 et seq.

C07-05913 MHP First Amended Complaint                                                                    1

This First Amended Complaint seeks relief for DEFENDANTS' discharge of pollution from the current retail gasoline station facilities and properties located at 440 Hearn Avenue, Santa Rosa, Sonoma County, California (hereafter, "Facilities") into the waters of the State of California and the United States in violation of the above-enumerated statutes and laws.

2. By this First Amended Complaint RIVER WATCH seeks:

    a. To enjoin DEFENDANTS from discharging pollutants from the Facilities into the ground and surface waters surrounding and downstream of the Facilities;

    b. A court order directing DEFENDANTS to comply with the substantive and procedural requirements of the above enumerated statutes and laws;

    c. A court order directing DEFENDANTS to pay civil penalties or establish remediation projects in lieu of penalties for violations of the above enumerated statutes and laws, and,

    d. A court order directing DEFENDANTS to reimburse RIVER WATCH for its reasonable costs of suit, including attorney's fees, as allowed under § 7002(e) of RCRA, 42 U.S.C. § 6972(e).

## II. JURISDICTION

3. This Court has subject matter jurisdiction over all Federal causes of action in this First Amended Complaint pursuant to RCRA §7002(a) and §7002(b), 42 U.S.C. § 6972(a) and § 6972(b) and 28 U.S.C. § 1221 (an action for declaratory and injunctive relief arising under the Constitution and laws of the United States). This Court has supplemental jurisdiction over all State-based causes of action in this First Amended Complaint pursuant to 28 U.S.C. §1367, as those claims form part of the same case or controversy as the Federal causes of action.

4. On or about May 25, 2007, RIVER WATCH provided notice of DEFENDANTS' violations of RCRA, and of RIVER WATCH's intent to file suit against DEFENDANTS (hereafter, "RCRA Notice") to the Administrator of the United States Environmental Protection Agency (hereafter, "EPA"), the Administrator of the EPA - Region IX, the Executive Director of the State Water Resources Control Board, the Executive Director of the California Integrated Waste Management Board, and to DEFENDANTS as required by RCRA. A true and correct

copy of the RCRA Notice is attached hereto as Exhibit A and fully incorporated into this First Amended Complaint.

5. Members and supporters of RIVER WATCH reside in the vicinity of, derive livelihoods from, own property near, and/or recreate on, in or near, and/or otherwise use, enjoy and benefit from the affected watershed area and associated natural resources into which DEFENDANTS discharge, or by which DEFENDANTS' operations adversely affect the interests of those supporters and members, in violation of the above-enumerated laws or statutes. The health, economic, recreational, aesthetic and environmental interests of RIVER WATCH's members may be, have been, are being, and will continue to be adversely affected by DEFENDANTS' unlawful violations of the above-enumerated laws or statutes. RIVER WATCH contends there exists an injury in fact to its members, causation of that injury by the conduct of DEFENDANTS complained of herein, and a likelihood that the requested relief will specifically redress that injury. RIVER WATCH, through its members, has standing to bring this action. A copy of this First Amended Complaint shall be provided to the United States Attorney General, the Administrator of the United States EPA, and the Attorney General of California.

### III. INTRADISTRICT ASSIGNMENT

6. The basis for assignment of this case to the Northern District of California, pursuant to RCRA §7002(a) and §7002(b), 42 U.S.C. § 6972 (a) and § 6972(b), is that DEFENDANTS Facilities and operations at the Facilities which are the subject of this First Amended Complaint are located in this District.

### IV. THE PARTIES

7. RIVER WATCH is a 501(c)(3) non-profit public benefit corporation duly organized under the laws of the State of California. Its headquarters are located in Sebastopol, Sonoma County, California. RIVER WATCH is dedicated to protecting, enhancing and helping to restore the waters of Northern California, including its drinking water sources, ground water, rivers, creeks and tributaries. Many of RIVER WATCH's members live in areas affected by DEFENDANTS' pollution as alleged in this First Amended Complaint. Said members have an interest in the affected watersheds which is or may be adversely affected by DEFENDANTS'

violations of RCRA as set forth in this First Amended Complaint. Said members use the affected watershed for domestic water supply, agricultural water supply, recreation, sports, fishing, swimming, hiking, photography, nature walks and the like. Furthermore, the relief sought will specifically redress the injuries in fact, and the likelihood of future injuries and interference with the interests of the members of RIVER WATCH.

8. RIVER WATCH is informed and believes and on said information and belief alleges that at all times mentioned herein, defendant MICHAEL GHOLAMI was and is an individual residing in the State of California, with gasoline retail operations registered with the State of California, doing business in Santa Rosa, California as A & M MINI MART at 440 Hearn Avenue, Santa Rosa, Sonoma County, California. Said defendant will be referred to hereinafter as "GHOLAMI".

9. RIVER WATCH is informed and believes and on said information and belief alleges that at all times mentioned herein, defendant SOMA ENVIRONMENTAL ENGINEERING, INC., was and is a California corporation located and doing business at 6620 Owens Drive, Suite A, Pleasanton, Alameda County, California; and, that SOMA ENVIRONMENTAL ENGINEERING, INC. provided engineering services to the defendant MICHAEL GHOLAMI dba A & M MINI MART and the Facilities. Said defendant will be referred to hereinafter as "SOMA".

10. RIVER WATCH is informed and believes and on said information and belief alleges that at all times mentioned herein, Defendants DOES 1-10, inclusive, respectively, were and are persons, partnerships, corporations and entities, who are, or were, responsible for, or in some way contributed to, the violations of RCRA which are the subject of this First Amended Complaint, or are, or were, responsible for the maintenance, supervision, management, operations, or insurance coverage of the Facilities. The names, identities, capacities, and functions of DOES 1-10, inclusive, are presently unknown to RIVER WATCH. RIVER WATCH shall seek leave of court to amend this First Amended Complaint to insert the true names of said DOES when the same have been ascertained.

//

## V. **STATEMENT OF FACTS**

11. Defendant GHOLAMI has owned, operated and/or leased the Facilities since at least the late 1980's according to information available to RIVER WATCH.

12. Defendant GHOLAMI has stored and/or currently stores large quantities of petroleum products in underground storage tanks (hereafter, "USTs") at the Facilities. In early 1990, petroleum contamination was detected in soil and groundwater beneath the Facilities. Subsequent investigation indicated that the contamination is attributable to leakage from USTs and piping systems, surface spills and/or poor maintenance or operational practices.

13. Regulatory agencies have ordered GHOLAMI to investigate and remediate petroleum contamination at the Facilities following discovery of petroleum releases thereon. DEFENDANTS have conducted some investigative and remedial work at the Facilities in response to the agencies' directives; however, significant levels of petroleum contamination remain in soil and groundwater beneath and adjacent to the Facilities.

14. Regulatory agencies have designated surface and ground waters in this area of Sonoma County, California as capable of supporting domestic supply, and have established maximum contaminant levels for petroleum constituents in surface and ground waters.

15. Benzene and toluene are known carcinogens and/or reproductive toxins, and have been listed chemicals under Proposition 65 since at least 1991. Surface and groundwater at the Facilities are potential sources of drinking water under applicable Regional Water Quality Control Board, Water Quality Control Plans also known as Basin Plans. In the course of doing business GHOLAMI has discharged benzene and toluene to surface and groundwater at the Facilities on a daily basis since at least approximately April of 1990.

16. GHOLAMI has used and/or stored petroleum at the Facilities in a manner which has allowed significant quantities of hazardous petroleum constituents, including MTBE, to be discharged to soil and groundwater beneath the Facilities and beneath adjacent properties.

17. DEFENDANTS have conducted some site investigations and remedial work at the Facilities. Based upon current levels of contamination, however, DEFENDANTS have been unsuccessful in abating the contamination. To date, the levels of TPHg, benzene, toluene,

ethylbenzene, and xylenes remain high above the allowable Maximum Contaminant Levels and/or Water Quality Objectives adopted by the Regional Water Quality Control Board for said constituents, creating an imminent and substantial endangerment to public health and the environment. Significant quantities of MTBE are also being detected in soil and groundwater beneath the Facilities and adjacent properties, creating an imminent and substantial endangerment to public health and the environment.

18. The discharges by GHOLAMI as alleged in the RCRA Notice are both knowing and intentional. GHOLAMI presently uses, stores and sells petroleum products at the Facilities, and in the past has used, stored and sold these products at the Facilities, which are known to contain benzene, toluene, TPHg, ethlybenzene, xylenes, and/or MTBE, and intends or has intended that such products be sold to and used by the public. GHOLAMI has known of the contamination at the Facilities since at least 1990, and is also aware that failing to remediate the pollution allows the contamination to migrate through soil and groundwater at and adjacent to the Facilities, and to continually contaminate and re-contaminate actual and potential sources of drinking water.

19. The violations of RCRA as alleged in this First Amended Complaint are a major cause of the continuing decline in water quality, and a continuing threat to existing and future drinking water supplies in Northern California. With every discharge, groundwater supplies are contaminated. These discharges can and must be controlled in order for the groundwater supply to be returned as a safe source of drinking water.

20. DEFENDANTS have since the year 2000, participated in the monitoring and attempted remediation of the soil and groundwater contamination at and around the Facilities. RIVER WATCH contends, however, that the extent of SOMA's operations have been ineffective, and severely substandard when compared with the standard of care of environmental professionals in the State of California, representing gross mis-management of GHOLAMI's resources and the California Underground Storage Tank Fund. RIVER WATCH further contends that SOMA's operations with regard to GHOLAMI most importantly have failed to abate the extent of contamination and pollution at the Facilities, have negligently allowed the further migration

Case 3:07-cv-05913-MHP    Document 6    Filed 01/09/2008    Page 7 of 10

of petroleum hydrocarbons into the soil and groundwater of the State, and that such migration threatens surface waters in the City of Santa Rosa area.

## VI.  FIRST CLAIM FOR RELIEF

### Violation of RCRA §7002(a)(1)(A), 42 U.S.C. § 6972(a)(1)(A)

21.  RIVER WATCH incorporates the allegations set forth above in paragraphs 1 through 20 and Exhibit A as though fully set forth herein.  RIVER WATCH is informed and believes, and on said information and belief alleges as follows:

22.  RCRA §7002(a)(1)(A), 42 U.S.C. § 6972(a)(1)(A), provides that any person may commence a civil action against any person or governmental entity alleged to be in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to RCRA.  Civil penalties may be assessed against any person or entity in violation of such permits, etc. pursuant to RCRA, under the provisions of 42 U.S.C. § 6928 (a) and 42 U.S.C. § 6928 (g).

23.  The underground storage tanks owned and operated by GHOLAMI on the Facilities are regulated by the North Coast Regional Water Quality Control Board and/or the Sonoma County Department of Health.  The North Coast Regional Water Quality Control Board has imposed remediation and monitoring requirements to ensure compliance with the RCRA Underground Storage Tank program.

24.  RIVER WATCH is informed and believes, and on said information and belief alleges alleges, that DEFENDANTS have failed to comply with the statutory and regulatory leak prevention, leak detection, monitoring, and remediation requirements imposed under RCRA and described in the RCRA Notice attached as Exhibit A, and that these regulatory failures include the following:

    a.    Failure to prevent a release, in violation of 40 CFR §§ 280.30, 280.31 and California health & Safety Code §§ 25292.1(a) - (c), 25292.3(a) and (b).

    b.    Failure to properly detect and monitor releases, in violation of 40 CFR §§ 280.40 - 280.44 and California Health & Safety Code § 25292.

    c.    Failure to properly report and keep records of the release, in violation of 40 CFR §§ 280.34, 280.50, 280.52, 280.53, 280.63(b) and California Health & Safety Code §§ 25289, 25293 and 25295(a)(1).

C07-05913 MHP First Amended Complaint    7

      d.     Failure to take proper corrective action, in violation of 40 CFR §§ 280.53, 280.60 - 280.66 and California Health & Safety Code § 25295(a)(1).

25. The continuing failure by DEFENDANTS to effectively remediate the on-going contamination at the Facilities will irreparably harm RIVER WATCH and its members, for which harm RIVER WATCH and its members have no plain, speedy or adequate remedy at law.

WHEREFORE, RIVER WATCH prays judgment against DEFENDANTS as set forth hereafter.

## VII. SECOND CLAIM FOR RELIEF
### Violation of §7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B)

26. RIVER WATCH incorporates the allegations set forth above in paragraphs 1 through 25 and Exhibit A as though fully set forth herein. RIVER WATCH is informed and believes, and based on such information and belief alleges:

27. RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), provides that any person may commence a civil action against any person or governmental entity including a past or present generator, transporter, owner or operator of a treatment, storage or disposal facility who has contributed to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or to the environment. Civil penalties may be assessed against any person or entity in violation of this section, under the provisions of RCRA, 42 U.S.C. § 6928 (a) and 42 U.S.C. § 6928 (g). The RCRA Underground Storage Tank regulatory program is adopted and implemented in the State of California under the provisions governing the Underground Storage of Hazardous Substances (California Health & Safety Code § 25280 et seq.).

28. GHOLAMI owns and operates the Facilities at which he stores or has stored, and transfers or has transferred, gasoline, diesel, fuel oil and mixed oils.

29. The Facilities have underground storage tanks which are leaking or have leaked petroleum chemicals including benzene, toluene, TPHg, ethylbenzene, xylenes, and MTBE into groundwater; or, petroleum products have been washed off the Facilities into nearby surface waters.

30. Petroleum products are known to be hazardous to the environment, and if released into the environment in sufficient quantity pose an imminent and substantial risk to public health and to the environment. Chemicals within these petroleum products such as benzene and toluene are known carcinogens and/or reproductive toxins, and if released into the environment in sufficient quantity pose an imminent and substantial risk to public health and to the environment in general.

31. For purposes of RCRA, petroleum products and their constituents: TPHg, benzene, toluene, ethylbenzene, xylenes, and MTBE, are both "solid wastes" and "hazardous wastes" within the meaning of the statute.

32. RIVER WATCH is informed and believes, and thereon alleges, that amounts of petroleum products and their constituents, TPHg, benzene, toluene, ethylbenzene, xylenes, and/or MTBE, released by GHOLAMI at the Facilities are in sufficient quantity to pose an imminent and substantial risk to both the environment and to human health.

33. Continuing acts or failure to act by DEFENDANTS to address these violations will irreparably harm RIVER WATCH and its members, for which harm they have no plain, speedy or adequate remedy at law.

WHEREFORE, RIVER WATCH prays judgment against DEFENDANTS as set forth hereafter.

## VIII. RELIEF REQUESTED

Plaintiff, NORTHERN CALIFORNIA RIVER WATCH, respectfully requests this Court grant the following relief:

34. Declare DEFENDANTS to have violated and to be in violation of the RCRA for discharging petroleum products and constituents which are known carcinogens and/or reproductive toxins in sufficient quantity to pose an imminent and substantial risk to health and to the environment;

35. Enjoin DEFENDANTS from discharging petroleum products and constituents from the Facilities, which petroleum products and constituents pose an imminent and substantial risk to health and the environment;

36. Order DEFENDANTS to comply with the substantive and procedural requirements of RCRA;

37. Order DEFENDANTS to pay civil penalties, pursuant to RCRA provisions, including 42 U.S.C. § 6928 (a) and 42 U.S.C. § 6928 (g), and/or to pay for remediation projects to redress them harm caused by said DEFENDANTS' violations of RCRA. Each of the above-described violations of RCRA subjects the violator to a civil penalties on a per day per violation basis. Civil penalties may be assessed for violations occurring within five (5) years prior to the initiation of a citizen enforcement action;

38. Enter a judgment that DEFENDANTS are required to pay civil penalties and exemplary damages according to proof.

39. Enter such preliminary injunctions, permanent injunctions or other orders pursuant to RCRA requiring DEFENDANTS to enjoin and abate the nuisance resulting from the discharge and release of petroleum products and constituents from the Facilities and the migration of petroleum products and constituents into soil and groundwater beneath the Facilities and adjacent properties.

40. Impose injunctive relief requiring GHOLAMI to immediately investigate, access and categorize the extent of pollution and implement the "best available technology" to remediate pollution at the Facilities;

41. Impose injunctive relief requiring DEFENDANTS to immediately commence complete remediation of the contamination at and adjacent to the Facilities once the contaminant plumes have been adequately characterized;

42. Award costs (including reasonable attorney, expert, witness, and consultant fees) to RIVER WATCH as authorized by RCRA; and,

43. Award such other relief as this Court may deem appropriate.

DATED: January 9, 2008                    Respectfully submitted,

                                          _____
                                          JACK SILVER
                                          Attorney for Plaintiff
                                          NORTHERN CALIFORNIA RIVER WATCH