Jack Silver, Esq. SBN #160575
Law Office of Jack Silver
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel.   (707) 528-8175
Fax.   (707) 528-8675
lhm28843@sbcglobal.net

Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>　　　　Plaintiff,<br>　v.<br>MICHAEL M. GHOLAMI dba A & M MINI MART; SOMA ENVIRONMENTAL ENGINEERING, INC., and DOES 1-10, Inclusive,<br><br>　　　　Defendants<br>_____/ | **CASE NO. C07-05913 MHP**<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>DATE:　　March 3, 2008<br>TIME:　　4:00 p.m.<br>CTRM:　　15, 18th Floor<br>JUDGE:　　Hon. Marilyn H. Patel |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, U.S. District Court, Northern District, Local Rules 16-9 and 16-10, and this Court's Standing Order effective March 1, 2007, Plaintiff NORTHERN CALIFORNIA RIVER WATCH ("Plaintiff") submits this Case Management Statement and Proposed Order, and request that the Court adopt it as its Case Management Order.

## I. JURISDICTION AND SERVICE

Plaintiff alleges that this Court has subject matter jurisdiction over all federal causes of action cited in its Complaint pursuant to the Resource, Conservation and Recovery Act ("RCRA") Section 7002(a) and 7002(b), 42 U.S.C. § 6972 (a) and § 6972(b) and 28 U.S.C. §

1221. Inasmuch as the events enumerated in the Complaint have taken place in the Northern District of California, Plaintiff alleges that venue is properly placed in this Court.

Named defendants have been served with the First Amended Complaint. To date neither of the named Defendants has appeared in this action, nor filed any responsive pleading. Defendants are currently unrepresented. Plaintiff's counsel and staff have conferred with both named Defendants telephonically with regard to the preparation of a Joint Case Management Statement, but were unable to obtain Defendants' signature to the same. See Statement of Hardship filed simultaneously with this document.

## II. FACTS

### 1. ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges Defendants Gholami, SOMA, and/or DOES 1 to 10, have violated various provisions of the RCRA and regulations adopted pursuant to the RCRA, as well as a number of California statutes that supplement the environmental protections implemented by the provisions of the RCRA. Plaintiff claims these violations have occurred at Defendant Gholami's service station site located at 440 Hearn Avenue. in Santa Rosa, California (hereafter "the Site" or "the Facilities").

Plaintiff served Defendants with a Notice of Violations and Intent to File Suit under Resources Conservation and Recovery Act on or about May 25, 2007, and filed the initial Complaint in this action on November 21, 2007. Plaintiff alleges that petroleum contamination was detected beneath the Site in approximately April of 1990, as the result of leaks in underground storage tanks, piping systems, and/or surface spills. Plaintiff alleges such contamination violates regulations that have become effective pursuant to the RCRA, and that such contamination includes known carcinogens and/or reproductive toxins, either of which pose a risk of imminent and substantial endangerment to human health or to the environment. Plaintiff acknowledges that some remediation work may have occurred at the Site under the direction of local and state agencies, but it is unsatisfied with the nature and extent of the investigation and/or remediation.

Plaintiff requests a declaration that Defendant Gholami, whether through its operations, leasing arrangements, or ownership of the Facilities or the real estate on which the Facilities are situated, has violated RCRA, and seeks civil penalties, exemplary damages, fees and costs, and various injunctive relief or orders requiring Gholami to conduct further investigations, remediate the Site without further delays, and refrain from any additional discharges of petroleum products and constituents at the Site.

Plaintiff also requests a declaration that Defendant SOMA has through misfeasance, malfeasance, or negligence, expended significant remediation funds in excess of 1.5 million dollars without achieving any significant remediation results at the Site over the past seven (7) years, and alleges that the Site remains unremediated and continues to present an ongoing environmental threat to surface waters and ground waters of the State.

2. <u>DEFENDANTS' DEFENSES TO THE ALLEGATIONS</u>

a. Defendant Gholami takes the position that he has relied upon his engineering consultant, Defendant SOMA, to undertake the remediation of the Site, and that to this end he has fully complied with all directives and requirements of the Lead Administrative Agency with oversight at his property, and or the Regional Water Quality Control Board.

b. Defendant SOMA takes the position that its operations at the Site have all been pursuant to the directives and requirements of Lead Administrative Agency with oversight at the Site, and or the Regional Water Quality Control Board, and that the heavily contaminated condition of the Site when SOMA commenced its remediation work in approximately the year 2000 forms the reason why its remediation work has required such a great expenditure of funds and required such an extended period of time.

### III. FACTUAL AND LEGAL ISSUES IN DISPUTE

1. <u>PLAINTIFF</u>

a. Plaintiff claims the Defendants' actions and practices at the Site constitute ongoing violations of the RCRA. Both Defendants deny any violation, deny that any of the alleged

1  violations are ongoing, and claim that they are and have been in compliance at all times relevant to these proceedings.

     b.    Plaintiff alleges that the Site presents an imminent and substantial harm to public health and/or the environment. Both Defendants deny that the Site presents an imminent or substantial harm to public health or to the environment.

     c.  Plaintiff claims Defendants have been entirely unsuccessful in abating contamination at the Site. Defendants claim they have been abating contamination at the Site in compliance with the directives and oversight of the responsible regulatory agencies.

     d.    Plaintiff claims that its members have been, are being, or will be injured by the violations it alleges. Defendants deny the alleged violations, and also deny that the violations, if any, have injured, are injuring, or will injure any of Plaintiff's members.

2. DEFENDANTS GHOLAMI AND SOMA

     a.    Defendant Gholami takes the position that he has followed all requirements, including all State and Federal regulations, for the remediation of his property, the Site at issue herein.

     b.    Defendant SOMA takes the position that it has in the remediation work involved at the Site closely followed all requirements of regulatory agencies, including the Regional Water Quality Control Board, and that these proceedings are unnecessary.

## IV. MOTIONS

There have been no prior motions brought before this Court, and no motions are pending. Plaintiff does not anticipate filing any pre-trial motions.

## V. AMENDMENT OF PLEADINGS

Plaintiff filed a First Amended Complaint on January 9, 2008, which has been served on named Defendants. Plaintiff does not anticipate adding additional parties or claims in this action.

## VI. DISCLOSURES

Plaintiff requests that Initial Disclosures Rule 26(a) be exchanged on or before June 2, 2008, if necessary.

## VII. DISCOVERY

Plaintiff proposes that all pretrial discovery and other pretrial proceedings, including initial disclosures and pretrial motions of any sort, shall be mutually stayed. Such stay shall expire upon forty-five (45) calendar days after the Meet and Confer which the parties have scheduled for March 4, 2008.

Plaintiff proposed the following discovery plan:

Each side will submit no more than fifty (50) interrogatories. The last day to exchange expert disclosure and expert witness reports shall be March 2, 2009, and the last day to exchange expert rebuttal witness reports shall be May 1, 2009. Expert witness discovery shall be completed by June 1, 2009.

## VIII. RELATED CASES

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

## IX. RELIEF SOUGHT

1. DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff requests that this Court enjoin Defendants from violating the RCRA and/or the regulations pursuant to this statutory scheme. Plaintiff further requests injunctive relief requiring Defendants to:

(a) be enjoined from further discharging at the Facilities;

(b) investigate and determine the extent of the alleged pollution and contamination at the Facilities and the means to remediate the alleged contamination; and,

(c) fully remediate the ongoing contamination at the Facilities using the best available technology once adequately characterized and delineated.

## 2. CIVIL PENALTIES

Plaintiff requests the Court assess civil penalties against Defendants pursuant to the RCRA penalty provisions.

## 3. ATTORNEYS' FEES AND COSTS

Plaintiff requests the Court award costs, including reasonable attorney, expert, witness, and consultant fees, as authorized by the RCRA.

## X.   SETTLEMENT AND ADR

The parties have agreed to discuss the resolution of this matter, ADR options and plans, without the necessity of further litigation. The Meet and Confer for this purpose is scheduled for March 4, 2008. Plaintiff has filed its ADR Certification

## XI.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff agrees to a magistrate judge for all purposes except trial. Defendants have not yet so consented or opposed.

## XII.   OTHER REFERENCES

This matter is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

## XIII.   EXPEDITED SCHEDULE

Plaintiff advises this is not the type of case which can be handled on an expedited basis with streamlined procedures.

## XIV.   SCHEDULING

LITIGATION DEADLINES (PROPOSED)

| | |
|---|---|
| a. Deadline for joining parties and amending pleadings: | June 2, 2008 |
| b. Conclusion of pretrial discovery: | June 1, 2009 |
| c. Last day to file summary judgment or dispositive motions: | August 3, 2009 |
| d. Pretrial conference: | September 1, 2009 |
| e. Trial: | October 13, 2009 |
| f. Anticipated length of trial: | 4 court days (if bench trial) |

## XV. TRIAL

Plaintiff anticipates this case will be tried by the Court, with an expected length of 4 days.

## XVI. DISCLOSURE OF NON-PARTY INTERESTED PERSONS

Plaintiff filed its Certificate of Interested Parties under L.R. 3-16 on November 28, 2007.

DATED: March 3, 2008

_____
JACK SILVER
Attorney for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court orders:

DATED: _____

_____
HON. MARILYN H. PATEL
U.S. DISTRICT COURT JUDGE